Henry Clay Greenberg, J.
This is an application pursuant to article 78 of the Civil Practice Act, in the nature of mandamus, to review and annul a determination of the respondent and to direct that another ■ special membership meeting be held at *729 which certain members of respondent society should not be permitted to vote.
The petitioner, a doctor, practicing mainly in the workmen’s compensation field, was charged with paying “kickbacks” or splitting fees with a supervisory employee of a compensation insurance carrier. The petitioner admitted the charges. Such conduct is the basis for disciplinary action pursuant to section 13-d of the Workmen’s Compensation Law and is an unethical practice for a physician.
The respondent, under its by-laws, has set up a procedure for investigation and determination of . complaints against its members. The charges are referred to a Board of Censors, that group must report its findings to the Comitia Minora, which is its board of directors. If it finds the charges proved it may discipline the accused. He then may appeal to the society at a special meeting.
The petitioner herein was served with charges which he did not deny, he had a hearing before the Board of Censors which recommended to the Comitia Minora and to the Chairman of the Workmen’s Compensation Board that he be suspended from the society and his name removed from the list of practicing physicians before the board for one year. The Comitia Minora, composed of 13 members of the society, unanimously affirmed the recommendation. He appealed to the members at a special meeting. The chairman of that meeting ruled that the appeal did not include the recommendation made to the Chairman of the Workmen’s Compensation Board. At the meeting his counsel objected to this ruling, and objected to the members of the Comitia Minora, voting on the appeal from its determination. This was overruled. A secret ballot was taken and the determination affirmed by a vote of 44 to 32. The respondent, in its brief, admits that if there is merit to petitioner’s contention, it may be conceded that the result was affected by permitting the members of the Comitia Minora to vote.
Thereafter, an article 78 proceeding was commenced in this court on the grounds set forth in this proceeding and also on other grounds. The petition was denied for the reason that petitioner had failed to exhaust the remedy of appeal to the State Medical Society, provided for in the by-laws (Matter of Posner, N. Y. L. J., Sept. 17, 1962, p. 13, col. 1). He thereupon appealed to that body which affirmed the determination, both as to the suspension and the recommendation. He thereupon appealed to the American Medical Association, the authority or necessity of this appeal is not shown on the papers submitted. However, that group affirmed the county society’s ruling as *730 to the right of the members of the Comitia Minora, to vote at the special meeting but, was of the opinion that petitioner should have been allowed to appeal from the recommendation of the Comitia Minora, as' well as from the suspension.
This application followed. The petitioner contends that by being deprived of his appeal from the recommendation and by allowing the members of the Comitia Minora to vote at the meeting, he was denied a fair and impartial hearing in accordance with due process.
The court is of the opinion that the petitioner is correct. The respondent having set up an appeals procedure in its by-laws, it is incumbent upon it to allow an appeal from any determination by the forum from which the appeal is taken. While it is true that an appeal can be taken directly to the Medical Appeals Unit of the Compensation Board from the county society’s recommendation, no such appeal from the recommendation should be taken, unless and until, it has been determined to be final and complete, after affirmance on appeal, if the accused doctor so proceeds. It is noted that the State Medical Society affirmed the determination, on the recommendation, and that the American Medical Association did not, but indicated that such appeal should have been allowed. Evidently, the State body believed such appeal was before it, but the National body did not. Inherent in the prior decision of the court (Matter of Posner, supra) is the element that to render due process to the petitioner, he is entitled to a review of any action taken by the Comitia Minora.
Respondent, could of course, require all appeals from recommendations in compensation matters, be made directly to the Medical Appeals Unit. However, on the present state of its by-laws and in the absence of such direction therein, it may not restrict an appeal. Therefore, the petitioner, having the right to an appeal within the State society, to hold that the recommendation should be appealed directly from the county society recommendation could lead to the anomalous situation, that after a recommendation had been reversed or modified on appeal, the Compensation Board would still be proceeding on the original, erroneous determination. Finally, it is apparent that both the State and National societies are not in accord with the position taken by the respondent.
As to the second contention, a reading of the by-laws indicates that the society had delegated to the Comitia Minora, the right to discipline members, where suspension was the punishment. That body was the judges, its decision was final, subject only to appeal. This was not a ratification in approval of their *731 determination by the organization. The charges were to be considered by such body. To allow a Judge or Judges to vote on affirmance of the very decision they made, is repugnant to our sense of justice and fair play. Those deciding a question on appeal must be impartial and without bias. The members of the Comitia Minora having already made up their minds as to the severity of the punishment to be meted out to the accused, may be of sufficient judicial temperament to sit on appeal, study the facts anew, and arrive at a fair and just determination on reappraisal of their original determination. However, such would not be expected of Judges in the courts, and cannot be presumed to exist with laymen.
On this proceeding the court does not and cannot hold that the punishment was too severe. On the contrary, it was lenient in the light of the grave illegal and unethical conduct of the petitioner. Our only concern is whether the accused doctor was afforded the protection to which he was entitled by the by-laws of the organization and due process.
On the facts submitted it must be held that he was not allowed an impartial appeal. This is highlighted by the fact that if the members of the Comitia Minora had been disqualified in voting, their determination would not have been affirmed.
Accordingly the application is granted, the determination of the special membership meeting is set aside, and the respondent directed to hold another meeting for the purpose of petitioner’s appeal from the determination of the Comitia Minora, at which the members of that group are disqualified from voting.